IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
MID-WEST MATERIALS, INC.,        : CASE NO.  1:06 CV 01409
                                 :
                      Plaintiff, : MEMORANDUM AND ORDER
                                 : DENYING DEFENDANT'S MOTION TO
         -vs-                    : DISMISS FOR LACK OF PERSONAL
                                 : JURISDICTION AND DENYING THE
                                 : DEFENDANT'S MOTION TO
TOUGHER INDUSTRIES, INC.,        : TRANSFER VENUE.
                                 :
                      Defendant. :
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

The defendant in this diversity contract dispute, Tougher Industries, Inc., ("Tougher") moves to dismiss plaintiff Mid-West Materials, Inc's. ("Mid-West") action for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2) or, in the alternative, to transfer venue, pursuant to 28 U.S.C. § 1404(a).  (Doc. 5).  The motions are fully briefed with the filing of Mid-West's response and sur-reply (Docs. 9, 12) and Tougher's reply (Doc. 11).  Both parties have presented affidavits and exhibits to the Court in support of their respective positions.

Mid-West brings this suit to recover $91,888.00, plus interest for the alleged non-payment by Tougher, based in Albany, New York, on a series of Purchase Order contracts for steel coils processed and shipped by Mid-West directly to Tougher's warehouse in New York.  The Purchase Order contracts in dispute range in date from 10 October 2005 through 21 February 2006.

For the reasons set forth below, the Court will deny Tougher's motion to dismiss for lack of personal jurisdiction and will deny its motion in the alternative for a transfer of venue.

### I. Standard of Review

In a motion to dismiss for lack of personal jurisdiction the plaintiff bears the burden of proving that jurisdiction exists.  Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir.2003) (citing Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887-88 (6th Cir.2002)).  The plaintiff's burden of persuasion hinges upon whether the Court conducts an evidentiary hearing.

When, as in this instance, there is no evidentiary hearing, the plaintiff must make only a prima facie showing and the pleading and affidavits are viewed in the light most favorable to the plaintiff.  Neogen, 282 F.3d at 887.  In addition, the Court cannot consider facts proffered by the defendant that conflict with any offered by the plaintiff.  Bird v. Parsons, 289 F.3d 865, 871 (6th Cir.2002).  Mid-West has the burden of proving this Court has personal jurisdiction.

Federal courts apply the law of the forum state when determining whether personal jurisdiction exists.  Youn, 324 F.3d at 417; Bird v. Parsons, 289 F.3d at 871.  If personal jurisdiction exists under the forum state's long-arm statute, the court then must determine whether personal jurisdiction would comport with the Due Process Clause of the U.S. Constitution.  Id.

For the purpose of the Constitutional Due Process analysis, there is a distinction between general and specific jurisdiction.  Youn, 324 F.3d at 417.  However, either one is an adequate basis for personal jurisdiction.  Id.

General jurisdiction exists when the defendant's contacts with the forum state are "substantial" and "continuous and systematic," so that the state may exercise personal jurisdiction even if the action does not relate to the defendant's contacts with the state. Id. at 418.  Specific jurisdiction exists when the contacts giving rise to jurisdiction relate to the claim that is before the court.  Id.

The Sixth Circuit has established a three-part test for determining whether specific jurisdiction exists.  Id.  For specific personal jurisdiction to exist; (1) a defendant must purposefully avail itself of the privilege of acting in the forum state; (2) the cause of action must arise from the defendant's activities in the forum state; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.  Id. (citing Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374, 381 (6th Cir.1968)).  When a state's long-arm statute extends to the limits of Due Process, a Court may collapse its long-arm analysis into its due process analysis.  Matrix Essentials, Inc. v. Harmon Stores, Inc., 205 F.Supp.2d 779, 783 (N.D. Ohio 2001) (citing CMS Generation Co. v. Spectrum Technologies U.S.A., Inc., 69 F.Supp.2d 915, 919 (E.D. Mich.1999)).

In this instance, Ohio is the forum state and the Ohio Supreme Court has determined that Ohio's long-arm statute does not extend to the limits of due process. Goldstein v. Christiansen, 70 Ohio St. 3d 232, 638 N.E. 2d 541, 545 n. 1 (Ohio 1994); see also, Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir. 2000).  Therefore, this Court must determine if personal jurisdiction is present under Ohio's long-arm

3

statute and, if so, whether personal jurisdiction comports with the Due Process Clause of the U.S. Constitution.

**II.  Law and Analysis**

Tougher seeks dismissal of Mid-West's Complaint for lack of personal jurisdiction because the defendant alleges it lacks the minimum contacts with Ohio required to establish either general or specific personal jurisdiction and Ohio's long-arm statute, O.R.C. § 2307.382, does not confer personal jurisdiction over Tougher in Ohio. (Doc. 5, pp. 3-6).  Specifically, Tougher maintains that it "does not transact business in the State of Ohio," it did not direct "any activity at Ohio," it "did not maintain any offices or employees in Ohio and made no deliveries to the state." Id.  Finally, Tougher contends that its "sporadic and insubstantial contacts with the forum were not instrumental in either the formation of the contract or in the alleged breach of the contract." Id.

Alternatively, Tougher seeks transfer of this action to the United States District Court for the Northern District of New York.  Tougher maintains that because "all of the operative facts occurred in the State of New York," and for the convenience of Tougher's potential witnesses, all located in New York, this matter should be transferred pursuant to Section 1404(a). (Doc. 5, pp 6-10).

Mid-West argues that it has submitted facts to establish sufficient contacts in Ohio to support jurisdiction in this forum.  The plaintiff maintains the relationship between the parties stretches back more than eighteen years with "numerous contacts" including accounts, bills of lading and invoices tracing shipments from the plaintiff's warehouse in Perry, Ohio to the defendant's chosen terminus in Albany, New York. (Doc. 9, pp. 1, 2; Doc. 12, pp. 1, 2).  Mid-West further alleges Tougher sent employee

4

James Morris to Ohio "several times, and visited the Plaintiff's facility, in order to determine whether to do business with Plaintiff, and also attended related functions Plaintiff had." (Doc. 12, pp. 1-2). In response to Tougher's alternative request for venue transfer, Mid-West argues that Ohio is more convenient than New York as a forum for this case. Mid-West maintains "the mass of evidence and witnesses are in Ohio," where persons received orders, processed orders, performed quality control and shipped the orders, to the defendant's single location in Albany, New York. (Doc. 9, pp. 5; Doc. 12, pp. 2).

### A. Ohio's Long-Arm Statute

Mid-West must first make a prima facie showing that Tougher is subject to Ohio's long-arm statute.

Ohio's long-arm statute provides, in part, that a court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's transacting any business in Ohio. O.R.C. § 2307.382(A)(1). Transacting business encompasses "carrying on" business and "having dealings" within Ohio. Kentucky Oaks Mall Company v. Mitchell's Formal Wear, Inc., 53 Ohio St. 3d 73, 559 N.E. 2d 477, 480 (Ohio 1990), cert. denied, 499 U.S. 975 (1991).

Mid-West presents evidence that Tougher has been a customer of the plaintiff for more than eighteen years. (Jane Lewis Affidavit). Mid-West identifies the bulk of the orders from Tougher, for steel coils, coming through James Morris, Tougher's purchasing agent. Id. Mr. Morris made several visits to Mid-West's facilities in Perry, Ohio to evaluate the operations and learn of the plaintiff's industrial capacities. Id. Mid-West notes that all purchase orders from Tougher were accepted through its Perry,

5

Ohio warehouse, and performed and shipped from that location to Tougher's facility in Albany, New York.  Id.  (See also Exhibits M, N, O, P, Q, R, S, T).  Mid-West further identifies Jim Hunt, Tougher's new purchasing agent, as placing additional orders for steel from Mid-West which were delivered from the Perry, Ohio warehouse to Tougher in Albany, New York.  Id.  (Exhibits U, U-1, V, W, X, Y).

Based upon these factual allegations, Tougher had dealings with Mid-West in Ohio.  Tougher is therefore subject to personal jurisdiction under the "transacting-any-business" provision of Ohio's long-arm statute.

### B. Due Process Analysis

Having determined that personal jurisdiction over Tougher exists under the "transacting-any-business" provision of Ohio's long-arm statute, the Court next considers whether exercising either general or specific personal jurisdiction over Tougher comports with the Due Process Clause of the U.S. Constitution.  Mid-West does not argue that the Court has general jurisdiction over Tougher.  Accordingly, the Court considers whether specific jurisdiction exists.

The Court's central inquiry is whether minimum contacts are satisfied so as not to offend "traditional notions of fair play and substantial justice." Calphalon v. Rowlette, 228 F.3d 718 (2000) (citing Cole v. Mineti, 133 F.3d 433, 436 (6th Cir.1998) and Goldstein v. Christiansen, 70 Ohio St.3d 232, 638 N.E.2d 541, 545 n. 1 (Ohio 1994)(per curiam)); see International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).  The Court employs three criteria to make this determination:

> (1) the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence in the forum state;

6

>  (2) the cause of action must arise from the defendant's activities there; and
>
>  (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Youn v. Track, Inc., 324 F.3d 409, 418 (6th Cir.2003).

### 1. Defendant purposefully availed itself

"The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous' or 'attenuated' contacts." Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985).

Physical contacts are not necessary so long as a commercial actor's efforts are "purposely directed" toward a resident of the forum state. Ricker v. Fraza/Forklifts of Detroit, 160 Ohio App.3d 634, 828 N.E.2d 205, 211 (Ohio Ct. App.2005) (citing Burger King, 471 U.S. at 476). This Circuit has recognized the soliciting of insurance by mail, the transmission of radio broadcasts into the forum state, and the sending of magazines and newspapers into the forum state to be sold as availments of the privilege to do business in the forum state. Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374, 382 (6 Cir.1968).

The defendant's conduct and connection to the forum state must be such that it may reasonably anticipate being haled into court there. Burger King, 471 U.S. at 474-75. This Circuit recognizes that a defendant purposefully avails itself of the privilege of conducting business in the forum state when the defendant transacts business by negotiating and executing a contract via telephone calls and letters to a resident of the forum state. Cole v. Mileti, 133 F.3d 433, 436 (6th Cir.1998), cert. denied,

7

525 U.S. 810 (1998).  However, the existence of a contract, alone, is not purposeful availment.  Prior negotiations and contemplated future consequences along with the terms of the contract and the parties' actual course of dealing must be evaluated. Healthcare Capital, LLC v. Healthmed, Inc., 213 F.Supp.2d 850, 860 (S.D. Ohio 2002) (citing Nationwide Mutual Insurance Co. v. Tryg International Insurance Co., Ltd., 91 F.3d 790, 795 (6th Cir.1996)).

Mid-West presents evidence that James Morris and, later, Jim Hunt, allegedly Tougher's agents, facilitated a contract with Mid-West in Ohio by placing orders for steel coil.  The evidence before the Court indicates that Tougher's contacts with Mid-West in Ohio were not random, fortuitous or attenuated.  They were directed to consummating a series of Purchase Order contracts with Mid-West for the delivery of steel coils. Moreover, Tougher should have anticipated that they may be in court in Ohio as evidenced by a proposed contract term requiring that Ohio law would govern each of the allegedly agreed to Purchase Order contracts.  Finally, it is clear that James Morris purposely availed himself, as an agent for Tougher, of the privilege of doing business in Ohio.

### 2. Action Arising from Defendant's Activities In Forum State

To satisfy the second element of the due process test, the cause of action must arise from the defendant's activities in the forum state.  In this case, Tougher's activity in Ohio was the negotiation and execution of multiple contracts with Mid-West for the plaintiff to provide steel coil. (Exhibits A – L1).  In facilitating the advent of these contracts, James Morris allegedly made several visits to Mid-West's facilities in Perry, Ohio.  The contracts, in which Tougher placed Orders for the delivery of steel coil to be

8

made from Mid-West's facilities in Ohio to Tougher's location in New York, form the basis of this suit.  Therefore, the cause of action in this case arises from Tougher's activities in Ohio.

### 3. Reasonableness of the Exercise of Personal Jurisdiction

To satisfy the third element, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.  When courts find that a defendant purposefully availed itself of the forum and that the cause of action arose directly from that contact, the inference arises that the third factor is also present and to confer jurisdiction would be reasonable.  Cole, 133 F.3d at 436; CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1268 (6th Cir. 1996).

In this case, Tougher purposefully negotiated a series of contracts with a resident of Ohio, the proposed contracts included a term requiring that Ohio law would govern the proposed contracts and the cause of action arose from a part of the proposed contract.  Therefore, the exercise of personal jurisdiction over Tougher is reasonable for the purpose of adjudicating Mid-West's claim regarding the defendant's alleged breach for failure to pay under the contracts.  It is this claim that is now before the court.

### C. Conclusion Regarding Personal Jurisdiction

Mid-West has made a prima facie showing that Tougher is subject to personal jurisdiction under Ohio's long-arm statute for Mid-West's claim that is now before the Court.  Mid-West has also made a prima facie showing that exercising personal jurisdiction over Tougher regarding Mid-West's claim comports with the Due Process

9

Clause of the United States Constitution.  Therefore, Tougher's Motion To Dismiss is denied.

### D.  Transfer of Venue

#### 1.  28 U.S.C. § 1391

As an alternative to its Motion to Dismiss for lack of personal jurisdiction, Tougher maintains venue is not proper in Ohio pursuant to 28 U.S.C. § 1391.

In relevant part 28 U.S.C. § 1391(a), states:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Further, 28 U.S.C. § 1391(c) states that, "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  See Centerville ALF, Inc. v. Balanced Care Corp., 197 F.Supp.2d 1039, 1048 (S.D. Ohio 2002) (stating "in the case of a corporate defendant, the residence of the defendant incorporates the test for personal jurisdiction.  In other words, if a corporate defendant is subject to personal jurisdiction in a judicial district, it is deemed to reside there for purposes of venue.")

Accordingly, as this Court has found Tougher subject to personal jurisdiction in this District, the Court holds that venue is proper under § 1391(a)(1) and § 1391(c).

### 2. 28 U.S.C. § 1404(a)

Further, Tougher seeks to transfer this action to New York pursuant to 28 U.S.C. § 1404(a). Title 28, United States Code, Section 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought.

The question is whether, for the convenience of the parties and witnesses and in the interest of justice, this case should be transferred to New York. The decision whether to transfer venue is relegated to the discretion of the trial court. Midwest Motor Supply Co., Inc. v. Kimball, 761 F. Supp. 1316, 1317 (S.D. Ohio 1991). Further, the moving party has the burden of proving why a change of venue should be granted and the plaintiff's choice of forum is to be given considerable weight. Id. at 1318.

The factors to be considered regarding whether to change venue include the nature of the suit, the place of the events involved, the relative ease of access to sources of proof, the nature and materiality of testimony to be elicited from witnesses who must be transported, the respective courts' familiarity with applicable law and the condition of the courts' dockets and the residence of the parties. Id. When weighing the factors, the balance should be strongly in favor of a transfer before such a transfer is granted. Id.

Tougher maintains this case should be transferred to New York because the defendant's personnel, which it intends to call, would be inconvenienced from their location in Albany, New York. Further, Tougher contends that a "substantial part of the events" occurred in New York. Mid-West responds that Ohio is more convenient than New York because only two people from Tougher placed orders and all goods shipped

11

by Mid-West were delivered to one location in New York.  Mid-West argues that witnesses in Ohio include the persons receiving the orders, those processing the orders, those overseeing quality control, and witnesses involved in shipping the orders.  Further, while neither side makes the argument, the Court notes that the claim is brought pursuant to Ohio law and not the law of New York.

Mid-West elected to file this case in Ohio and the plaintiff's claim is brought pursuant to Ohio law with which this Court is familiar.  The parties are located in Ohio and New York.  It appears that some of the relevant events occurred in New York.  Yet, it appears that potential witnesses are located primarily in Ohio with only a couple of witnesses in New York.

While Tougher has presented evidence that one or two of the factors to be considered may weigh in favor of transferring this case to New York, the overall weight of the factors does not favor a transfer.  Therefore, Tougher's Motion for a transfer of venue is denied.

### III.  Conclusion

Defendant Tougher's Motion to Dismiss for Lack of Personal Jurisdiction is denied.  In addition, Tougher's alternative Motion to Transfer Venue is denied.


IT IS SO ORDERED.


    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 27 March 2007